```
                  UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION


EMMA LEE SMITH, BY AND THROUGH                          PLAINTIFF
BETTY WILLIAMS


VS.                                 CIVIL ACTION NO. 3:12CV584TSL-MTP


CMC HOLDINGS OF DELAWARE, INC.;                        DEFENDANTS
CHASE BANK USA, N.A. AND CHASE
HOME FINANCE
```

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of CMC Holdings of Delaware, Inc., Chase Bank USA, N.A. and JPMorgan Chase Bank, N.A., successor by merger to Chase Home Finance, LLC (collectively Chase) for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff Emma Lee Smith, by and through Betty Williams,[1] has responded in opposition to the motion. In addition, she has separately moved for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. The briefing on both motions is complete and the court, having considered the parties' memoranda of authorities, concludes that Chase's motion for judgment on the pleadings should be granted in part and denied in part, and that plaintiff's motion for preliminary injunction should be denied.

---

[1] Betty Williams is plaintiff's daughter and is acting on her behalf herein through power of attorney.

Plaintiff, a Mississippi citizen, filed the present action against Chase on June 28, 2012 in the Chancery Court of Copiah County seeking to invalidate a real estate loan and deed of trust based on allegations that her deceased husband entered into the transaction, by which he purported to encumber her homestead property, without her knowledge, consent or participation. Defendants timely removed the case to this court on the basis of diversity jurisdiction under 28 U.S.C. § 1332, shortly after which they filed the present motion for judgment on the pleadings.

In her complaint, plaintiff alleges that in March 2006, unbeknownst to her, her now-deceased husband took out a $30,600 loan from Chase, for which he put up the couple's home as collateral.  She avers that while what purports to be her signature appears on the note and deed of trust, she did not execute either document and only became aware of the transaction after her husband's death in April 2011.  She alleges that although Chase has thus wrongfully taken a lien on her property, she has had to continue to pay the note in order to avoid foreclosure.  Plaintiff seeks by count one to void the note and the deed of trust based on Mississippi Code Annotated § 89-1-29, which provides that a deed of trust is invalid and not binding "unless signed by the spouse of the owner if the owner be married and living with the spouse."  In count two, plaintiff purports to assert a claim for fraud, based on allegations that Chase obtained

2

the note and deed of trust by fraud because it failed to take the necessary steps to determine whether Smith's putative signature on the documents was genuine. Count three seeks a judgment in the amount of all payments plaintiff has made on the note since her husband's death, together with attorney's fees and punitive damages on account of Chase's "contemptible and fraudulent actions." Finally, in count four, plaintiff demands that further collection efforts by Chase be enjoined.[2]

In its motion, Chase argues that dismissal is in order because, regardless of whether plaintiff actually signed the note and deed of trust, she has nonetheless ratified the mortgage loan by continuing to make payments on the loan since her husband's death. It contends further that under the voluntary payment

---

[2] The court notes that while plaintiff has not moved to remand, in her response to the motion, she asserts that the court should remand the case to state court since the amount in controversy does not exceed $75,000. However, in the court's opinion, it is facially apparent that the $75,000 amount in controversy requirement for diversity jurisdiction, see 28 U.S.C. § 1332, is satisfied, since plaintiff's complaint seeks not only a declaration that the note is void but also punitive damages and attorney's fees. Thus, the court has subject matter jurisdiction. See Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (stating defendant may meet burden of demonstrating amount in controversy exceeds $75,000 if it is "facially apparent" from the plaintiff's complaint that the amount in controversy exceeds the jurisdictional minimum"); St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) (stating punitive damages are included in calculation of amount in controversy); Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 910 (5th Cir. 2002) ("In an action for declaratory relief, the amount in controversy is the value of the right to be protected or the extent of the injury to be prevented.").

3

doctrine, plaintiff is barred from recovering these payments. Finally, Chase contends that plaintiff has failed to plead fraud with particularity and that in any event, it owed no duty to plaintiff to verify her signature.

The court employs the same standard for deciding a Rule 12(c) motion as is used to decide a Rule 12(b)(6) motion to dismiss. See Guidry v. American Public Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007). Thus, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Id. (internal quotations omitted). "The plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face,' and '[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965, 1974, 167 L. Ed. 2d 929 (2007)).

In response to Chase's motion, plaintiff asserts that since she has alleged that all her payments on the note after her husband's death were made in order to avoid foreclosure, then those payments were not voluntary and are therefore recoverable. Since there are circumstances under which payment to avoid foreclosure may be considered involuntary, the court, construing the facts alleged the complaint in the light most favorable to plaintiff, cannot conclude that her claim for recovery of her

4

payments on the note is necessarily barred by the voluntary payment doctrine.  See Hensarling v. Regions Bank, 3:11CV149TSL-MTP, 2012 WL 2839687 (S.D. Miss. July 10, 2012) (setting forth, *inter alia*, general rule for determination of whether a payment was made voluntarily, is "where a person pays an illegal demand, with full knowledge of all the facts which render the demand illegal, without an immediate and urgent necessity to pay, unless it is to release his or her person or property from detention or to prevent an immediate seizure of his or her person or property, the payment is voluntary")(quoting Genesis Ins. Co. v. Wausau Ins. Companies, 343 F.3d 733, 739 (5th Cir. 2003).  Accordingly, this claim will not be dismissed.

Similarly, the complaint is silent as to when plaintiff obtained "knowledge of facts entitling [her] to rescission of the contract," and the court is thus unable to conclude that the fact that she continued to make payments on the note necessarily amounted to a ratification of the contract that would bar her attempt to have the note and the deed of trust voided.  See Crabb v. Wilkinson, 32 So. 2d 356, 357 (Miss. 1947) ("Where a party, with knowledge of facts entitling him to rescission of a contract or conveyance, afterward, without fraud or duress, ratifies the same, he has no claim for relief of cancellation.").  Accordingly, the motion will be denied as to this claim.

5

With regard to her putative fraud claim, plaintiff alleges only that the note and deed of trust "[were] obtained by the Defendants by fraud and deception. The Defendants failed to take the necessary steps to determine that the signatures on the referenced documents were in fact the signature of Emma Lee Smith." Clearly, plaintiff has not pled fraud with the requisite particularity. See Fed. R. Civ. P. 9 ("In alleging fraud . . ., a party must state with particularity the circumstances constituting fraud"). Moreover, while plaintiff insists in her response that "[s]omeone committed fraud in that Plaintiff asserts she did not execute [the note or deed of trust]," in light of the fact that the complaint alleges that Smith was not even aware of the loan transaction, the court cannot conceive of any set of facts under which she could establish a fraud claim against Chase. See Crowley v. Adams & Edens, P.A., 731 F. Supp. 2d 628, 635 (S.D. Miss. 2010) (setting forth *inter alia*, elements of cause of action for fraudulent misrepresentation, including plaintiff's reliance on defendant's false, material representation).

In response to Chase's motion, plaintiff states that she has pled all of the facts she knows, and she asks to be allowed to amend her complaint to allege a claim of negligence, since it is apparent that "[i]f Defendants had no part in (any fraud), they were at least negligent in failing to ascertain the identity of the person(s) signing the instrument upon which they rely in

6

asserting their claims for payment and the lien upon her homestead." However, not only has plaintiff failed to identify the source of any duty which Chase would owe a non-customer (and no such duty is apparent to the court), but the fact is, plaintiff's putative signature on the note and deed of trust (copies of which are attached to her complaint) were acknowledged by a notary public and Chase was entitled to rely on that acknowledgment, see Miss. Code Ann. § 25-33-11 ("Every notary public shall have power to receive the proof or acknowledgment of all instruments of writing relating to commerce or navigation, such as ... mortgages."). Accordingly, the fraud claim will be dismissed and leave to amend the complaint will be denied.

Plaintiff has moved for a preliminary injunction to allow her to cease making payments to Chase and to enjoin Chase from initiating foreclosure proceedings against the property. Chase correctly contends in response that since no foreclosure proceedings have been threatened or initiated, plaintiff's motion for an injunction is not ripe. See Texas v. United States, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotations marks and citation omitted). Therefore, that motion will be denied.

7

Based on the foregoing, it is ordered that Chase's motion for judgment on the pleadings is denied in part and granted in part. It is further ordered that plaintiff's motion for preliminary injunction is denied.

SO ORDERED this 20th day of November, 2012

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE